The Honorable H.G. Foster, Prosecuting Attorney Twentieth Judicial District P.O. Box 1105 Faulkner County Courthouse Conway, AR 72033
Dear Mr. Foster:
You have presented the following question for my opinion:
 Is a proposed bill constitutional if it provides for the revocation of a defendant's driver's license upon the issuance of an arrest warrant for writing a hot check (i.e., prior to conviction)?
You have attached a copy of the proposed bill that is the subject of your question. It is entitled "An Act to Enhance the Enforcement of the Arkansas Hot Check Law, and states in full:
BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:
 Section 1. (a) An Arkansas court that issues an arrest warrant for the violation of The Arkansas Hot Check Law" may certify in writing to the Director of the Department of Finance and Administration, or the director's designee, that the warrant has been issued and request the department of revoke, suspend, or refuse to renew the debtor's motor vehicle registration or driver's license. The department is authorized to comply with the court's request.
 (b) For driver's license revocation, the court must provide the department with the debtor's full name, social security number, and last known address.
 (c) For motor vehicle registration revocation, the court must provide the department with the debtor's full name and the license plate number or vehicle identification number of the debtor's vehicle.
RESPONSE
It is my opinion that the proposed bill gives rise to constitutional concerns. The particular constitutional principle that is implicated by this bill is the principle of procedural due process. A possible concern also arises out of the principle of substantive due process. Both principles arise out of the 5th and 14th amendments to the U.S. Constitution.
Procedural Due Process
The proposed bill is primarily problematic under the principle of procedural due process. Under this constitutional principle, the state cannot deprive individuals of protectable liberty or property interests without providing notice and an opportunity for a hearing. In Bell v.Burson, 402 U.S. 535 (1971), the U.S. Supreme Court recognized that a driver's license is a constitutionally protectable property interest that cannot be deprived absent compliance with the requirements of procedural due process.
The proposed legislation under consideration fails to provide for any notice or opportunity for a hearing prior or subsequent to the deprivation of the driver's license. In this regard, I note the proposed bill is apparently modeled after A.C.A. § 16-13-708, which provides for the revocation of the driver's licenses of defendants who have failed to pay court fines. That statute also does not provide for notice and a hearing. However, it is distinguishable in that the court fines in question are those that have been imposed by the court after notice and opportunity for a hearing on the charge for which the fines were imposed.See Acts 1995, No. 1262, of which A.C.A. § 16-13-708 was a part. Pursuant to Act 1262, the notice and hearing requirements are satisfied in the course of the court proceedings during which the fines are imposed.
The proposed bill about which you have inquired is also distinguishable from the statutes permitting the revocation of driver's licenses upon arrest for violation of the laws prohibiting driving while intoxicated.See A.C.A. §§ 5-65-104; 5-65-205(b); 5-65-304; 5-65-402. These statutes all not only require a hearing on the issue of the revocation, but also provide for the issuance, upon seizure of the license, of a receipt that serves as a temporary license, and that constitutes notice of the right to a hearing. These provisions safeguard these statutes from constitutional due process challenges. The proposed bill contains no such safeguards.
Substantive Due Process
Although the principle of substantive due process does not give rise to as great a concern about the proposed bill, I will nevertheless discuss this principle for the purpose of pointing out a possible weakness in the bill. Under the principle of substantive due process, legislation that imposes a restriction on life, liberty, or property must not be arbitrary. In order for such restrictions to avoid being deemed arbitrary, they must bear an appropriate relation to their purpose. If the restriction in question impacts anything other than a fundamental right, it need only bear a rational relation to a legitimate governmental interest. See generally Washington v. Glucksberg, 521 U.S. 702, 722
(1997). The courts generally uphold legislation if there is any conceivable basis for it. See, e.g., Winters v. State, 301 Ark. 127,782 S.W.2d 566 (1990) (mere fact that a regulation is not the best does not justify invalidating it). Given the leniency of the courts in scrutinizing such legislation, the proposed bill about which you have inquired would probably survive scrutiny under the principle of substantive due process. Nevertheless, I simply note the possibility of an argument that it does not bear the appropriate relationship to its purpose. Assuming that the purpose of this legislation is to curtail the occurrence of hot checks, it could be argued that the suspension of driver's licenses would not have the desired effect. Although banks do typically require some form of identification as a prerequisite for establishing a checking account, that identification need not take the form of a driver's license, nor is the possession of a driver's license a prerequisite for writing checks. Thus, hot check writers can continue to write hot checks, even if their driver's licenses are suspended. Although, as indicated previously, this argument would not likely result in an invalidation of the bill on substantive due process grounds, it is nevertheless a weakness in the bill that should be noted.
Pre-Conviction Punishment
Finally, a related due process issue that gives rise to constitutional concern with the proposed bill is the fact that it permits punishment in the absence of any finding of either civil fault or criminal guilt. Pre-conviction civil remedies can be constitutionally permissible if they are imposed after the required civil burden of proof has been met. For example, the Arkansas Supreme Court has recognized the validity of pre-conviction administrative suspensions of driver's licenses under the DWI statutes as appropriate civil remedies. See Pyron v. State,330 Ark. 88, 953 S.W.2d 874 (1997). In Pyron, the court was addressing a double jeopardy challenge to an administrative suspension of a driver's license. In upholding the suspension, the court pointed out that the remedy is not criminal punishment, but rather is a temporary civil remedy for which proof by a preponderance of the evidence (as opposed to proof beyond a reasonable doubt) must be presented. The court also noted that the DWI administrative suspension procedure provides the defendant with an alternative means of obtaining a restricted license in order to engage in necessary driving (such as commuting to work). Finally, the court found that suspensions imposed after the required preponderance of the evidence has been presented are rationally related to the purpose of curtailing drunk driving.
In contrast to the suspensions that can be imposed under the DWI statutes, the proposed bill about which you have inquired does not require any level of proof of the charge of hot check writing before the suspension may be imposed. Moreover, the bill does not provide that the suspension is to be temporary, nor does it provide any alternatives means for the defendant to engage in necessary driving. A pre-conviction suspension imposed in the absence of any such safeguards could constitute a violation of due process.
For all of the above-described reasons, I must conclude that the proposed bill about which you have inquired may be deemed to suffer from both procedural and substantive due process infirmities that should be addressed if the bill is to survive constitutional challenge.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General